UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. No. 12-20931-CR-Williams

UNITED STATES OF AMERICA

vs.

GUSTAVO ANGARITA RIOS
    a/k/a "Julio Cesar Florez Garzon,"
    a/k/a "Tatica,"

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America and the defendant, Gustavo ANGARITA Rios ('ANGARITA"), herby agree that, had this case proceeded to trial as to Count 1 of the Indictment which charges the Defendant with knowingly and willfully took actions to combine, conspire, confederate, and agree with other persons known and unknown, to distribute five (5) kilograms or more a substance containing a detectable amount of cocaine, knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a)(2); all in violation of Title 21, United States Code, Section 963.

The Parties agree that these facts, which do not include all of the facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant of the above-referenced Indictment.

Through multiple cooperation defendant interviews and Drug Enforcement Administration (DEA) reports of investigation, agents were able to identify associates of ANGARITA and identify some associated cocaine shipments. DEA agents interviewed several former associates of ANGARITA and learned that on multiple occasions from January 1997 to

1

2013, ANGARITA coordinated with associates to transport large quantities of cocaine.

ANGARITA had been a close associate with CPOT Shirley HERRERA-Colorado for over 20 years. While working with the HERRERA-Colorado drug trafficking organization, (DTO) ANGARITA was in contact with many other associates of the DTO. ANGARITA was responsible for ensuring the quality of the cocaine produced at the laboratories and involved in the transportation.

During interviews with DEA agents, ANGARITA recalled approximately 7 large cocaine shipments beginning in 2007. ANGARITA stated that the cocaine was produced in the Colombian jungle by the coast then transported by truck or boat to marine vessels that would take the cocaine from Colombia though the Pacific Ocean and up to Costa Rica or Panama, where it was received and then transported into Guatemala and Mexico for eventual distribution into the US. ANGARITA estimated the average amount for the cocaine involved in the shipments was 1,100 kilograms. ANGARITA stated he had approximately 100 kilograms of cocaine invested in 3 of the shipments. ANGARITA admitted to assisting and facilitating other members of the DTO in trafficking large quantities of cocaine. In addition, the defendant admits that he participated in the shipment of these loads knowing that the cocaine would eventually be imported into the United States.

Accordingly, with respect to the Indictment, the United States would have proven beyond a reasonable doubt that ANGARITA did knowingly and intentionally distribute five (5) kilograms or more of substance containing a detectable amount of cocaine, knowing that such substance would be unlawfully imported into the United States, in violation of Title 21 United States Code, §§§ 959(a)(2), 960(b)(1)(B), and 963 during the timeframes stated in the Indictment.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 3/2/16          By: _____
                          MICHAEL B. NADLER
                          ASSISTANT UNITED STATES ATTORNEY

Date: 3/2/16          By: _____
                          SCOTT KALISCH
                          ATTORNEY FOR DEFENDANT

Date: 3/2/16          By: _____
                          GUSTAVO ANGARITA RIOS
                          DEFENDANT